BENJAMIN GITTLEMAN, PLAINTIFF-APPELLANT, v. CITY OF NEWARK, DEFENDANT-RESPONDENT.

Submitted October 27, 1944—Decided January 4, 1945.

For the appellant, *Harry Phillipson.*

For the respondent, *Philip J. Schotland, Thomas M. Kane* and *Joseph A. Ward.*

The opinion of the court was delivered by

DONGES, J. This appeal is from a judgment of nonsuit entered in the Essex County Circuit Court on order of Judge Joseph L. Smith. The plaintiff, who is a member of the bar and a Master in Chancery, has been employed by the City of Newark since 1933 as a "title searcher," working in connection with the foreclosure of tax sale certificates held by the city. Between October 30th, 1936, and December 15th, 1936, plaintiff claims to have taken, as Master in Chancery, acknowledgments of Anthony F. Minisi, Director of Revenue and Finance of said city, on tax sale certificates. On October 18th, 1939, approximately three years later, plaintiff first made demand upon the city for payment for taking these acknowledgments, and upon the demand being refused, the present suit was instituted.

Appellant claims that under the statute he is entitled to a fee of $1 for each acknowledgment. He relies upon the following statutory provisions:

*R. S.* 54:5–46, "The officer holding the sale shall deliver to the purchaser a certificate of sale under his hand and seal, acknowledged by him as a conveyance of land * * *."

*R. S.* 54:5–38, "All fees and expenses [of the selling officer] shall form part of the tax lien and be paid by the purchaser at the tax sale."

*R. S.* 46:14–6, "The officers of this State authorized to take acknowledgments or proofs in this State under authority of this section are the chancellor; a justice of the supreme court: a judge of the court of common pleas of any county; a master in chancery; an attorney-at-law; a notary public; a commissioner of deeds appointed for any county; a clerk of the court of common pleas of any county; a deputy county clerk; a surrogate or deputy surrogate of any county; and a register of deeds and mortgages of any county."

He claims that under *Pamph. L.* 1920, *ch.* 214, § 2, it is provided:

"That masters in chancery, notaries public, and commissioners of deeds shall receive for their services, for taking acknowledgments and affidavits, the following fees: For tak-

ing proof of a deed, one dollar; For taking an acknowledgment of a deed, one dollar; * * *."

It is asserted that the city charged for each acknowledgment taken by the appellant the sum of fifty cents as part of the cost of sale. Appellant contends that the city should have charged the fee of $1 for each acknowledgment and turned it over to him.

In *Kip* v. *Peoples Bank and Trust Co.,* 110 *N. J. L.* 178, upon which appellant relies, it was held that a contract between a notary public and his employer, for services as a notary public, which permitted the employer "to collect and retain to its own use the notary public's statutory fees is contrary to public policy and void." To the same effect is *Geddis* v. *West Side National Bank,* 7 *N. J. Mis. R.* 245; *affirmed,* 106 *N. J. L.* 238.

In *Weart* v. *First National Bank of Dunellen,* 115 *N. J. L.* 128, it was held: "In the absence of some legal taint, as for instance that the act is required by and done in fulfillment of a contract against public policy, it is lawful for a notary public to waive or remit a fee after it has been earned, and for him, after the fee has been earned, to take such a position with respect to it that he may be held to have waived it." Here there was no contract for such services as in the Kip case; there was no promise to pay for them; there was no claim for payment for them.

As stated, appellant made no demand for payment for the service rendered by him for approximately three years. Meantime he continued in the employ of the city, and twice a month signed a payroll as "title searcher," as follows: "Received from the City Treasurer the sum hereunder placed opposite my name in full payment for services rendered by me and for the entire time specified in this payroll."

The conduct of plaintiff-appellant amounted to a waiver of any claim for the taking of acknowledgments. *Kane* v. *City of Newark,* 129 *N. J. L.* 562; *Vander Burgh* v. *County of Bergen,* 120 *Id.* 444; *Weart* v. *First National Bank of Dunellen, supra.*

The judgment under review is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Perskie, Porter, Colie, Wells, Rafferty, Hague, Thompson, Dill, JJ. 14.

*For reversal*—None.